UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLARENCE LOWE, JR.                                                                               PETITIONER

VERSUS                                                        CIVIL ACTION NO. 2:23-CV-90-KS-RPM

BURL CAIN                                                                                       RESPONDENT

**REPORT AND RECOMMENDATIONS**

Before the Court is Respondent Burl Cain's [12] Motion to Dismiss the federal habeas petition filed by Petitioner Clarence Lowe, Jr. ("Lowe").  On June 23, 2023, Lowe filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. [1].  Lowe is an inmate at the Mississippi State Penitentiary.  He was found guilty and convicted in September 2019 for the sale of a controlled substance within 1,500 feet of a church and is serving a 24-year sentence.  Doc. [14-3] at 107, 116–18.

Lowe raises one ground in his federal habeas petition: ineffective assistance of counsel.  Doc. [1] at 6.  Respondent filed a Motion to Dismiss arguing Lowe's claims are procedurally barred as untimely and for failure to exhaust his available state court remedies.  Doc. [12] at 2.  Lowe filed a "reply" to the Motion to Dismiss but did not address Respondent's argument that his claims are procedurally barred.  Doc. [15].

**I. BACKGROUND**

On April 18, 2019, Lowe was indicted on four counts.  Doc. [14-3] at 11–12.  Ultimately, he was found guilty and convicted for the sale of a controlled substance within 1,500 feet of a church in violation of Mississippi Code Annotated § 41-29-139(A)(1).  *Id.* at 107, 116–18.  The trial court sentenced Lowe to 24 years as a subsequent drug offender pursuant to Mississippi Code Annotated § 41-29-147.  *Id.* at 118.  Lowe appealed.  *Id.* at 133, 141.

Lowe, represented by appellate counsel, raised one issue concerning his Sixth Amendment right to confront the witnesses against him: "The trial court violated Lowe's fundamental rights to a fair trial and to confront the witnesses against him by allowing the State to present hearsay testimony that Lowe had sold drugs in the past." Doc. [14-6] at 6, 10. He argued that this testimony violated his Sixth Amendment right to confront the witnesses against him, this testimony was inadmissible pursuant to Mississippi Rules of Evidence 404(b) and 403, the jury was not provided a limiting instruction, and the error was not harmless. *Id.* at 10–15.

On February 8, 2022, the Mississippi Court of Appeals affirmed Lowe's conviction and sentence finding "no reversible error in the trial court's ruling on the admissibility of the evidence." *Lowe v. State*, 333 So.3d 626, 633 (Miss. Ct. App. 2022). Specifically, the court found the testimony at issue "fell outside the scope of admissible 'limited purpose' to why the investigation took place," but such error was harmless because there was "overwhelming evidence establishing that Lowe sold the crack cocaine to the [confidential informant] on January 23, 2018." *Id.* at 632. The court found the admission of the testimony was not prejudicial to Lowe's defense. *Id.* at 632–33. Lastly, the court found Lowe's trial counsel did not request a written limiting instruction but "the absence of any limiting instruction did not deprive Lowe of a fair trial." *Id.* at 633.

Afterward, Lowe's appellate counsel sent a letter to Lowe dated February 8, 2022, explaining in pertinent part as follows:

> After reviewing the Court's opinion, I do not intend to file a motion for rehearing or petition for writ of certiorari. Accordingly, please be advised that your representation by myself and this office in this matter is terminated.
>
> If you wish to further challenge your conviction, you may do so *pro se* (on your own) or with another attorney. If you choose to file a motion for rehearing with the Mississippi Court of Appeals, it is due on or before February 22, 2022. You may file a motion requesting additional time, but that motion must also be filed on or before the February 22nd deadline. If you file a motion for rehearing and the Court of Appeals denies it, you would then have 14 days to file a Petition for Writ of

> Certiorari with the Mississippi Supreme Court, seeking to have that court review the Court of Appeals' decision. If the Mississippi Supreme Court denies your petition for writ of certiorari, the direct appeal process would be exhausted and final. You would then have both federal and state post-conviction relief proceedings available to further challenge your conviction.

Doc. [14-1] at 48. Lowe did not file a motion for rehearing or a motion requesting additional time before February 22, 2022. Nearly one year later on February 8, 2023, Lowe, proceeding *pro se*, filed a motion for leave to file out-of-time for rehearing of the Mississippi Court of Appeals' decision. *Id.* at 22. He then filed his motion for rehearing in the Mississippi Court of Appeals. *Id.* at 20. On March 22, 2023, the Mississippi Court of Appeals denied the motion for leave to seek rehearing and dismissed Lowe's motion for rehearing as untimely. *Id.* at 14–15.

On April 11, 2023, Lowe filed a petition for writ of certiorari in the Mississippi Supreme Court. *Id.* at 5–13. The Mississippi Supreme Court dismissed Lowe's petition as untimely. *Id.* at 3. Lowe subsequently filed the instant federal habeas petition on June 23, 2023 (signed on June 19, 2023). Doc. [1]. He raises the ground of ineffective assistance of counsel. *Id.* at 6.

## II. LAW AND ANALYSIS

### a. Procedural Default

In support of his claim of ineffective assistance of counsel, Lowe states that his appellate counsel failed to raise issues after the Mississippi Court of Appeals denied his direct appeal. *Id.* He also states that his trial counsel failed to raise a limiting instruction, barring Lowe from the ability to raise the issue on appeal. *Id.* Respondent argues that Lowe's petition is time barred under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. Doc. [12] at 6.

The Mississippi Court of Appeals affirmed Lowe's conviction and sentence on February 8, 2022. *Lowe*, 333 So.3d at 633. Lowe had 14 days to file a motion for rehearing. *See* Miss. R. App. P. 40(a) ("A motion for rehearing may be filed within 14 days after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals."). He filed no such

motion in that time period. "If the defendant stops the appeal process . . . the conviction becomes final when the time for seeking further direct review in the state court expires." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)). Therefore, Lowe's conviction became final on February 22, 2022.

Lowe filed his federal habeas petition on June 23, 2023, approximately 14 months after his conviction became final. Doc. [1]. Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Here, the limitation period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Lowe was therefore required to file his federal habeas petition on or before February 22, 2023. Instead, he filed his federal habeas petition on June 23, 2023, after the expiration of the 1-year period of limitation. Doc. [1]. Accordingly, Lowe's federal habeas petition is procedurally barred as untimely, unless he is entitled to the benefit of any statutory or equitable tolling.

b. Tolling

Lowe is not entitled to the benefit of any statutory or equitable tolling. Within the 1-year period, Lowe filed a motion for leave to file out-of-time for rehearing of the Mississippi Court of Appeal's decision and a motion for rehearing in the Mississippi Court of Appeals. Doc. [14-1] at 20, 22. But the Mississippi Court of Appeals denied the motion for leave to seek rehearing and dismissed Lowe's motion for rehearing as untimely. *Id.* at 14–15.

Lowe is not entitled to the benefit of statutory tolling. Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any

4

period of limitation under this subsection." Lowe's motions did not toll the 1-year period as they were not a part of post-conviction relief proceedings or other collateral review. *See Butler*, 533 F.3d at 318. Regardless, those motions did not toll the 1-year period because they were improperly filed as untimely. *See* Miss. R. App. P. 40(a) ("A motion for rehearing may be filed within 14 days after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals.").

Lowe is also not entitled to the benefit of equitable tolling. "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Trevillion v. Wright*, No. 5:11-CV-166, 2012 WL 2839703, at *2 (S.D. Miss. June 7, 2012) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). "To be entitled to equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing." *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "It is the petitioner's burden to establish that he is entitled to equitable tolling." *Id.*; *see Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)). Lowe contends that his appellate counsel failed to provide records to him and that the time to file a motion for rehearing expired days before Lowe was made aware of the Mississippi Court of Appeals' decision. Doc. [1] at 6. Assuming arguendo that Lowe's explanation should excuse his tardiness, he fails to explain why he waited nearly one year later to file his motions with the Mississippi Court of Appeals. In the letter dated February 8, 2022, Lowe's appellate counsel made Lowe aware of the procedural steps, and the deadlines, necessary to further challenge his conviction and sentence. Doc. [14-1] at 48. In Lowe's motion for leave to proceed to file out-of-time for rehearing, Lowe admits that he received the Mississippi Court of Appeals' decision on

5

February 10, 2022, and that he was aware of the deadline which was 12 days away. *Id.* at 27 n.1. Here, Lowe's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419.

Because Lowe is not entitled to either statutory or equitable tolling, his time for filing a federal habeas petition expired on February 22, 2023. Therefore, his federal habeas petition filed on June 23, 2023, should be dismissed as time barred.[1]

## RECOMMENDATION

The undersigned recommends that Petitioner Clarence Lowe, Jr.'s 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation

---

[1] To the extent that Lowe raises an additional ground, as suggested by Respondent, those are also procedurally defaulted because Lowe's federal habeas petition is time barred. Doc. [12] at 5–6. And to the extent Lowe's "reply" seeks leave to amend to assert new claims, as construed by Respondent, those new claims would also be time barred and therefore the amendment would be futile. Doc. [17] at 3; *see Johnson v. Stephens*, 617 F. App'x 293, 201–02 (5th Cir. 2015). Furthermore, as Respondent points out, Lowe has not yet filed any "application for leave to proceed in the trial court" with the Mississippi Supreme Court. Doc. [12] at 5, 13–14; *see* Miss. Code Ann. § 99-39-7 ("Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . and an order granted allowing the filing of such motion in the trial court."); Miss. Code Ann. § 99-39-27 (providing the procedure for filing an "application for leave to proceed in the trial court" with the Mississippi Supreme Court). Therefore, he still has an available state-court remedy, which is not yet time barred. *See* Miss. Code Ann. § 99-39-5(2) ("A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.").

contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 2nd day of July 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE