

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLARENE LOWE, JR. #127870                                                    PETITIONER

V.                                                                        CIVIL NO: 2:23CV90-KS-RPM

BURL CAIN                                                                      RESPONDANT

<u>ORDER ACCEPTING MAGISTRATE JUDGES REPORT & RECOMMENDATION
AND DISMISSING THE CASE WITH PREJUDICE, ETC.</u>

THIS CAUSE IS BEFORE the Court on [12] Motion to Dismiss the Federal Habeas petition filed by Petitioner Clarence Lowe, Jr. ("Lowe"). Lowe filed his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 Doc. [1]. Lowe is an inmate at the Mississippi State Penitentiary.

Lowe raises one ground in his federal habeas petition: ineffective assistance of counsel. Doc. [1] at 6. Respondent filed a Motion to Dismiss arguing that Lowe's claims are procedurally barred as untimely and for failure to exhaust his available state court remedies. Doc. [12] at 2. Lowe filed a "reply" to the Motion to Dismiss but did not address Respondent's argument that his claims are procedurally barred. Doc. [15].

I. PROCEDURAL HISTORY

Lowe, represented by appellate counsel, raised one issue concerning his Sixth Amendment right to confront the witnesses against him: "The trial court violated Lowe's fundamental rights to a fair trial and to confront the witnesses against him by allowing the State to present hearsay testimony that Lowe had sold drugs in the past." Doc. [14-6] at 6, 10. He argued that this testimony violated his Sixth Amendment right to confront the witnesses against him, this testimony was inadmissible pursuant to Mississippi Rules of Evidence 404(b) and 403, and the jury was not provided a limiting instruction, and the error was not harmless. *Id.* at 10–15.

1

On February 8, 2022, the Mississippi Court of Appeals affirmed Lowe's conviction and sentence finding "no reversible error in the trial court's ruling on the admissibility of the evidence." *Lowe v. State*, 333 So.3d 626, 633 (Miss. Ct. App. 2022). Specifically, the court found the testimony at issue "fell outside the scope of admissible 'limited purpose' to why the investigation took place," but such error was harmless because there was "overwhelming evidence establishing that Lowe sold the crack cocaine to the [confidential informant] on January 23, 2018." *Id.* at 632. The court found the admission of the testimony was not prejudicial to Lowe's defense. *Id.* at 632–33. Lastly, the court found Lowe's trial counsel did not request a written limiting instruction but "the absence of any limiting instruction did not deprive Lowe of a fair trial." *Id.* at 633.

Afterward, Lowe's appellate counsel sent a letter to Lowe dated February 8, 2022, explaining in pertinent part as follows:

> After reviewing the Court's opinion, I do not intend to file a motion for rehearing or petition for writ of certiorari. Accordingly, please be advised that your representation by myself and this office in this matter is terminated.
>
> If you wish to further challenge your conviction, you may do so *pro se* (on your own) or with another attorney. If you choose to file a motion for rehearing with the Mississippi Court of Appeals, it is due on or before February 22, 2022. You may file a motion requesting additional time, but that motion must also be filed on or before the February 22nd deadline. If you file a motion for rehearing and the Court of Appeals denies it, you would then have 14 days to file a Petition for Writ of Certiorari with the Mississippi Supreme Court, seeking to have that court review the Court of Appeals' decision. If the Mississippi Supreme Court denies your petition for writ of certiorari, the direct appeal process would be exhausted and final. You would then have both federal and state post-conviction relief proceedings available to further challenge your conviction. Doc. [14-1] at 48.

Lowe did not file a motion for rehearing or a motion requesting additional time before February 22, 2022. Nearly one year later on February 8, 2023, Lowe, proceeding *pro se*, filed a motion for leave to file out-of-time for rehearing of the Mississippi Court of Appeals' decision. *Id.* at 22. He then filed his motion for rehearing in the Mississippi Court of Appeals. *Id.* at 20. On March 22, 2023, the Mississippi Court of Appeals denied the motion for leave to seek rehearing and dismissed Lowe's motion for rehearing as untimely. *Id.* at 14–15.

On April 11, 2023, Lowe filed a petition for writ of certiorari in the Mississippi Supreme Court. *Id.* at 5–13. The Mississippi Supreme Court dismissed Lowe's petition as untimely. *Id.* at 3. Lowe subsequently filed the instant federal habeas petition on June 23, 2023 (signed on June 19, 2023). Doc. [1]. He raises the ground of ineffective assistance of counsel. *Id.* at 6.

## II. ISSUES AND ANALYSIS

### a. Procedural Default

Lowe files a claim for ineffective assistance of counsel. The Respondent, "Cain", argues that Lowe's petition is time barred and should be dismissed with prejudice. While Lowe had opportunities for rehearing or appeal, he raised one issue concerning his Sixth Amendment Right to Confront Witnesses against him. This issue was addressed by the Mississippi Court of Appeals which affirmed Lowe's conviction. *Lowe v. State*, 333 So.3d 626, 633 (Miss. Ct. App. 2022). Magistrate Judge Rob Myers did an analysis in his Report and Recommendation of Lowe's claims and quoted a letter from Lowe's Appellate Counsel to Lowe. Judge Myers' analysis further concludes that Lowe did not pursue the rights that he had until he filed a Motion for Leave to File Out of Time Hearing before the Court of Appeals, which was denied.

Lowe filed his federal habeas petition on June 23, 2023, approximately fourteen months after his conviction became final. The petition that was filed was procedurally barred as untimely.

b. Tolling

Judge Myers' analysis also included the issue of tolling, finding that Lowe was not entitled to any statutory or equitable tolling. The Court has considered this issue and concurs with Judge Myers' analysis.

Lowe admits his lack of diligence in pursuing his case. The time for filing a federal habeas petition expired February 22, 2023. Therefore, his federal habeas petition filed June 23, 2023, should be dismissed as time barred. The Court finds that Petitioner, Clarence Lowe, Jr.'s 28 U.S.C. §2254 Petition for Writ of Habeas Corpus should be and is hereby DENIED and DISMISSED with prejudice.

III. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections for the reasons set forth above. This Court concludes that Lowe's objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and a correct analysis of the law in all regards. Therefore, the Court accepts, and approves, and adopts the Magistrate judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Rob Myers' Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1), and that Clarence Lowe Jr;'s

4

motion is dismissed with prejudice. All other pending motions are denied as moot.

SO ORDERED this the 2nd day of August 2024.

_____
HON. KEITH STARRETT
SENIOR UNITED STATES DISTRICT JUDGE